AUDREY STRAUSS
United States Attorney for
the Southern District of New York
By: David Abramowicz
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-6525

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
UNITED STATES OF AMERICA,
                                                      :    VERIFIED COMPLAINT FOR
                        Plaintiff,                         FORFEITURE
                                                      :
                                                           21 Civ.
            v.                                        :
                                                           ECF case
MB FINANCIAL CASHIER'S CHECK 13430651,                :
PAYABLE TO MIVVEL INC. TO CLOSE MB
FINANCIAL BANK ACCOUNT NUMBER                         :
9999140566; and
                                                      :
MB FINANCIAL CASHIER'S CHECK 13430652,                :
PAYABLE TO TULLOW INC. TO CLOSE MB
FINANCIAL BANK ACCOUNT NUMBER                         :
9999140572
                                                      :
                        Defendants-in-rem.
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney, Audrey Strauss, United States

Attorney for the Southern District of New York, for its verified complaint alleges, upon

information and belief, as follows:

## I.    **JURISDICTION AND VENUE**

1.      This is a civil action in rem commenced by the United States of America seeking the forfeiture of: (1) MB Financial[1] Cashier's Check 13430651, payable to Mivvel Inc. to close MB Financial Bank Account Number 9999140566 (the "Mivvel Account"); and (2) MB Financial Cashier's Check 13430652, payable to Tullow Inc. to close MB Financial Bank Account Number 9999140572 (the "Tullow Account") (the Cashier's Checks, together, are the "Defendant Currency").  The Defendant Currency is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), as property constituting or derived from proceeds traceable to wire fraud and conspiracy to commit wire fraud.

2.      The Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3.      Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because acts or omissions giving rise to this forfeiture action occurred in the Southern District of New York, and under Title 28, United States Code, Section 1395(a) because, *inter alia*, the action accrued in the Southern District of New York.

4.      The Defendant Currency is presently in the custody of the United States Federal Bureau of Investigation ("FBI").

---

[1] Since the events described in this Complaint, MB Financial has been acquired by Fifth Third Bank.  Because MB Financial was the holding institution at the relevant times and the Cashier's Checks were drawn on MB Financial funds, this complaint will continue to refer to MB Financial.

## II.     **PROBABLE CAUSE FOR FORFEITURE**

5.      This forfeiture action arises out of an investigation conducted by the FBI and the United States Postal Inspection Service of Umair Hamid, a/k/a "Shah Khan," a/k/a "the "Shah" ("Hamid"), for operating a massive education "diploma mill" through the Pakistani company "Axact," which has held itself out as one of the world's leading IT providers.

6.      On or about January 18, 2017, Hamid was indicted for, *inter alia*, wire fraud and conspiracy to commit wire fraud in violation of Title 18, United States Code, Sections 1343 and 1349. See United States v. Hamid, 17 Cr. 56 (RA) (D.E. ("Docket Entry") 10, Indictment).

7.      As described in further detail in the Indictment (D.E. 10) filed in the criminal action, Hamid, working on behalf of Axact, and others made misrepresentations to individuals across the world, including throughout the United States and in the Southern District of New York, to dupe them into enrolling in supposed high schools, colleges, and other educational institutions.  Consumers paid upfront fees to Hamid and his co-conspirators, believing that in return they would be enrolled in real educational courses and, eventually, receive legitimate degrees.  Instead, after paying the upfront fees, consumers did not receive any legitimate instruction and were provided fake and worthless diplomas.

8.      As a result of this scheme, from in or about 2006 through in or about May 2015, when authorities in Pakistan temporarily shut down Axact, Axact collected millions of dollars through U.S.-based bank accounts from thousands of individuals around the world, including victims throughout the United States.  Even after in or about May 2015, Hamid opened and directed others to open bank accounts in the United States that were then used by another purported school to collect upfront fees from consumers.

9.      On or about August 28, 2017, Hamid was convicted, following his guilty plea, of conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 for the offense underlying this civil action and sentenced principally to 21 months' imprisonment. See United States v. Hamid, (D.E. 46, Judgment in a Criminal Case).

10.     The criminal investigation revealed that Axact owned and controlled various bank accounts in the United States in the names of, among other entities, Mivvel Inc. and Tullow Inc.

11.     The Mivvel Account and the Tullow Account were both opened on December 14, 2016.  The same individual – who was married to the sister of Axact's CEO – was the sole signatory on both the Mivvel Account and the Tullow Account.

12.     Axact, Hamid, and others used bank accounts held in the names of shell companies, including Mivvel and Tullow, to receive proceeds of the fraud involving educational institutions and transfer those proceeds to accounts controlled by Axact outside the United States.

13.     The investigation further revealed that Hamid and an attorney urged a cooperating witness ("CW-1")  to transfer funds related to the operation of websites of false and fraudulent educational institutions to the entity Mivvel Inc.   The attorney told CW-1, in sum and substance, that Mivvel Inc. had an office in Delaware and had been used to transfer significant sums of money.

14.     On January 3, 2017, both the Mivvel Account and the Tullow Account were closed by MB Financial, and the bank issued the Cashier's Checks constituting the Defendant Currency to aliases or pseudonyms known to be used by individuals working on behalf of Axact.

15.     On or about January 10, 2018, the Honorable Barbara S. Moses, United

States Magistrate Judge, Southern District of New York, authorized a warrant, No. 18 Mag. 220,

to seize the Defendant Currency based on an affidavit setting forth probable cause to conclude

that the Defendant Currency constituted or was derived from the fraud scheme involving Axact

and described herein.

## CLAIMS FOR FORFEITURE

16.     Incorporated herein are the allegations contained in paragraphs one

through Fifteen of this Complaint.

17.     Title 18, United States Code, Section 981(a)(1)(C) subjects to civil

forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds

traceable to … any offense constituting 'specified unlawful activity' (as defined in section

1956(c)(7) of [Title 18]), or a conspiracy to commit such an offense."

18.     Pursuant to Title 18, United States Code, Sections 1956(c)(7)(A) and

1961(1), wire fraud (in violation of 18 U.S.C. § 1343) is a "specified unlawful activity."   Title

18, United States Code, Section 1349 subjects attempt or conspiracy to commit wire fraud "to

the same penalties as those prescribed for the offense, the commission of which was the object of

the attempt or conspiracy."

19.     The Defendant Currency is therefore subject to forfeiture to the United

States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property constituting or

derived from proceeds traceable to wire fraud and conspiracy to commit wire fraud.

WHEREFORE, plaintiff United States of America prays that process issue to

enforce the forfeiture of the Defendant Currency and that all persons having an interest in the

Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed,

and that this Court decree forfeiture of the Defendant Currency to the United States of America

for disposition according to law, and that this Court grant plaintiff such further relief as this

Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      April 23, 2021


AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By:

David Abramowicz
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel No. (212) 637-6525

## <u>DECLARATION OF VERIFICATION</u>

Timothy Lucey, pursuant to Title 28, United States Code, Section 1746, hereby declares under

penalty of perjury that he is a Special Agent with the United States Federal Bureau of

Investigation; that he has read the foregoing Verified Complaint and knows the contents thereof;

that the same is true to the best of his knowledge, information and belief; and that the sources of

his information and the grounds of his belief are his personal involvement in the investigation,

and conversations with and documents prepared by law enforcement officers and others.

Executed on April 23, 2021

TIMOTHY LUCEY
Special Agent
U.S. Federal Bureau of Investigation